JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Freddrick Aponte appeals from his conviction for attempted receiving stolen property with an elderly victim specification. He urges that the court erred by finding him guilty of the elderly specification and increasing the degree of the offense accordingly. He also contends that his attorney provided him with ineffective assistance of counsel by failing to argue this issue. Finally, he argues that the court erred by considering attempt as a lesser included offense of receiving stolen property because no reasonable construction of the evidence would allow the factfinder to find him not guilty of receiving stolen property but guilty of attempt. The state concedes that the trial court erred by enhancing the degree of the offense because the victim was elderly, and we agree. However, we reject appellant's assertions that attempt is a "lesser included offense," and that the court could not find him guilty of attempt unless the evidence allowed the trier of fact to find appellant not guilty of receiving stolen property. Accordingly, we reverse and remand with instructions for the trial court to enter a judgment convicting appellant of attempted receiving stolen property, a first degree misdemeanor, and removing any judgment on the elderly specification.
 {¶ 2} Appellant was charged in a three count indictment filed on February 17, 2006. Count one alleged that appellant committed identity fraud against an elderly victim. Count two alleged that appellant stole merchandise from HH Gregg with a value of $500 or more but less than $5000. Count three alleged that appellant *Page 4 
"unlawfully did receive, retain or dispose of [a] Credit Card Number, the property of Charlotte Milam, knowing or having reasonable cause to believe that it had been obtained through the commission of a theft offense," and that the victim of this offense was an elderly person.
 {¶ 3} On July 17, 2006, appellant waived his right to a jury trial, and the case was tried to the court. The court did not orally announce its "verdict" until February 6, 2007, at which time the court found appellant not guilty of identity fraud and theft, but guilty of attempted receiving stolen property with an elderly victim specification, which the court determined to be a fifth degree felony. The court sentenced appellant to six months' community control sanctions in a judgment entered on March 21, 2007.
 {¶ 4} At trial, the court heard the testimony of the victim, Charlotte Milam; her daughter, Patricia Collins; bank security investigators Jack Wilson and Andrew Sekula; Strongsville Police corrections officer Mark Thevenin; and Strongsville detective Robert Kustis. As relevant to this appeal, Ms. Milam, the victim, testified that she and her daughter went to HH Gregg on October 30, 2005, where she purchased a television on credit. Although she never purchased anything else from HH Gregg, she received a bill which included other charges against her account. She disputed these charges and they were removed. Appellant was not the salesman who processed her purchase.
 {¶ 5} Ms. Milam further testified that she learned that a credit card account *Page 5 
had been opened in her name at Chase bank which she had not applied for. She did not receive either the credit card or any bill for that card, and did not use it. She identified her name, date of birth, social security number and telephone number on an application for a United Mileage Plus Visa credit card, but noted that the address listed on the application was not hers, and the signature on it was not hers. Appellant's counsel stipulated that appellant lived at the address listed on the application.
 {¶ 6} Mr. Sekula testified about the transaction history on the Chase credit card taken out in Ms. Milam's name, particularly noting a cash advance transaction attempted at 7:35 a.m. on December 17, 2005 at 3750 Pearl Road in Cleveland, which was not honored. Mr. Wilson testified that, at the request of Detective Kustis, he reviewed digital photographs taken at a Huntington Bank automated teller machine at 3750 Pearl Road in Cleveland on December 17, 2005 at 7:35 a.m. when the machine was unable to process the requested credit card transaction. This photograph was introduced into evidence. Detective Kustis testified that he showed this photograph to Mr. Nageotte, the store manager of HH Gregg, and Nageotte identified the person in the photograph as appellant, an employee of HH Gregg. Detective Kustis testified that during a search of appellant's apartment, police discovered a hat which matched the one worn by the person in the digital photograph.
 {¶ 7} Appellant's first assignment of error contends that the court erred by *Page 6 
finding him guilty of an elderly victim specification in connection with the charge of receiving stolen property, because the age of the victim does not affect the degree of the offense of which appellant can be convicted. The state concedes that this was error and we agree. The degree of some theft offenses may be enhanced when the victim is elderly. See, e.g., R.C. 2913.02(B)(3), 2913.03(D)(4), 2913.04(E)(4). R.C. 2913.51 does not provide any such enhancement for the charge of receiving stolen property. No elderly specification was available for this charge.
 {¶ 8} Although the court did not explain its reasoning for finding appellant guilty of a fifth degree felony, it must have based this decision on the erroneous assumption that the degree of the offense was enhanced because the victim was elderly. The count of receiving stolen property described in the indictment charged appellant with a fifth degree felony offense. See R.C. 2913.51 and 2913.71. Appellant was convicted of attempt, which "is an offense of the next lesser degree than the offense attempted." R.C. 2923.02(E)(1). Because the offense attempted in this case was a fifth degree felony, appellant should have been convicted of a first degree misdemeanor. The trial court erred by finding appellant guilty of a fifth degree felony. We reverse and remand with instructions for the trial court to enter a judgment convicting appellant of attempted receiving stolen property, a first degree misdemeanor, and removing any judgment on the elderly specification.[1] *Page 7 
 {¶ 9} Our holding on appellant's first assignment of error renders the second assignment of error moot. Even if appellant's counsel did provide ineffective assistance by failing to challenge the elderly specification, our ruling here prevented any resulting harm.
 {¶ 10} In his third assignment of error, appellant contends that the court erred by finding him guilty of attempted receiving stolen property because there was no evidence from which the court could have found him not guilty of receiving stolen property but guilty of what he describes as the "lesser included offense" of attempt.
 {¶ 11} Even if we were to agree that attempt is a lesser included offense of the crime charged, we cannot agree the court must find the defendant not guilty of the original charge before it could find him guilty of a lesser included offense. A fact finder is not required to decide a defendant is not guilty of the crime charged before it may consider a lesser included offense. State v. Thomas (1988),40 Ohio St.3d 213, paragraph three of the syllabus. In fact, the court here did not expressly find appellant not guilty of receiving stolen property before it found him guilty of attempted receiving stolen property.
 {¶ 12} In any event, an attempt is conceptually different from a lesser included offense; it is more closely related to an offense of inferior degree. See State v. Deem (1988), 40 Ohio St.3d 205, 208. Under R.C. 2923.02, the failure to successfully complete a crime is treated like a mitigating factor which reduces the degree of the offense. R.C.2923.02(D) expressly makes attempt an affirmative *Page 8 
defense, at least when "the actor abandoned the actor's effort to commit the offense or otherwise prevented its commission, under circumstances manifesting a complete and voluntary renunciation of the actor's criminal purpose." The defendant bears the burden of proving an affirmative defense by a preponderance of the evidence. R.C. 2901.05.
 {¶ 13} We reject appellant's argument that attempted receiving stolen property is a "lesser included offense" of receiving stolen property. As a result, we also reject his assertion that the court could not find him guilty of attempted receiving stolen property unless it found him not guilty of receiving stolen property. The third assignment of error is overruled.
 {¶ 14} Reversed and remanded with instructions to enter a judgment convicting appellant of attempted receiving stolen property, a first degree misdemeanor, and removing any judgment on the elderly specification
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
SEAN C. GALLAGHER, P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] Resentencing is not appropriate in this case because it appears that appellant has already served the sentence that was imposed. *Page 1