DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Athens County Common Pleas Court judgment of conviction and sentence. A jury found Matthew Handa, defendant below and appellant herein, guilty of escape in violation of R.C. 2921.34(A)(1).
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT DEPRIVED MR. HANDA OF A FAIR TRIAL AND ABUSED ITS DISCRETION WHEN IT REFUSED TO INSTRUCT THE JURY THAT, IN *Page 2 
ORDER TO FIND MR. HANDA GUILTY OF ESCAPE, THE JURY MUST HAVE DETERMINED THAT MR. HANDA WAS UNDER THE CONTROL OF THE POLICE AT THE TIME HE ESCAPED."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT VIOLATED MR. HANDA'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN, IN THE ABSENCE OF SUFFICIENT EVIDENCE PROVING HE WAS UNDER A JURIDICAL ORDER, THE JURY FOUND MR. HANDA GUILTY OF ESCAPE."
 THIRD ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED WHEN IT IMPROPERLY LIMITED MR. HANDA'S CROSS-EXAMINATION OF OFFICER MAYLE IN VIOLATION OF MR. HANDA'S RIGHTS AS GUARANTEED BY THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DUE PROCESS OF THE FOURTEENTH AMENDMENT AS WELL AS THE SAME RIGHTS AS GUARANTEED BY ARTICLE 1, SECTION AND 10 AND 10 [sic] OF THE OHIO CONSTITUTION.
 FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED WHEN IT EXCLUDED RELEVANT EVIDENCE NECESSARY TO ALLOW THE DEFENDANT TO PRESENT AN AFFIRMATIVE DEFENSE. THIS ERROR VIOLATED MR. HANDA'S DUE PROCESS RIGHT TO PRESENT A DEFENSE."
 FIFTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED AND VIOLATED MR. HANDA'S DUE PROCESS RIGHTS WHEN IT ADMITTED A DUPLICATE OF THE WARRANT OVER THE OBJECTION OF COUNSEL WHEN IT WAS UNFAIR TO ADMIT THE DUPLICATE IN PLACE OF THE ORIGINAL.[2]
 {¶ 3} On February 7, 2007, Jeff Mayle of the Glouster Police Department *Page 3 
received a fax that Hocking County had issued an outstanding warrant for appellant's arrest. The next day, Officer Mayle arrested appellant and brought him to the police station. During appellant's processing, his girlfriend appeared and was permitted to speak with him. Officer Mayle grew suspicious as the two whispered to each other, but the girlfriend stated that she was leaving. As she opened the door, appellant bolted from his chair, ran out the door and down the street. Officer Mayle gave chase, but did not apprehend appellant. Appellant was recaptured five days later at his grandmother's home.
 {¶ 4} The Athens County Grand Jury returned an indictment charging appellant with escape. At the jury trial, Officer Mayle testified as to the events surrounding appellant's escape. Lieutenant Michael Burba, who aided in appellant's recapture, also testified. No other evidence was submitted and the matter was given to the jury. Subsequently, the jury found appellant guilty as charged and the trial court imposed a five year prison sentence to be served consecutively to his Hocking County prison sentences. This appeal followed.
 1. I {¶ 5} Appellant's first assignment of error concerns the propriety of the jury instructions. Appellant asserts that the trial court erred when it refused to instruct the jury that, for purposes of escape, it must determine whether appellant was "under the control of the police" at the time. We disagree with appellant.
 {¶ 6} Initially, we note that although appellant requested this instruction in a pre-trial motion, he did not object at trial to the absence of the instruction. Further, although the trial court explicitly asked in chambers if either party had objections to the charge, appellant raised only one issue regarding mens rea. Moreover, after the jury received the instructions, the court again asked for objections and appellant answered in the *Page 4 
negative. Because appellant failed to object at trial, when the trial court had the opportunity to consider and to resolve the issue, we now review this issue under the plain error standard. State v. Wamsley,117 Ohio St.3d 388, 884 N.E.2d 45, 2008-Ohio-1195, at ¶ 25; State v.Davis, 116 Ohio St.3d 404, 880 N.E.2d 31, 2008-Ohio-2, at ¶ 177.[3]
 {¶ 7} Notice of plain error must be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Barnes (2002), 94 Ohio St.3d 21, 27,759 N.E.2d 1240; State v. Hill (2001), 92 Ohio St.3d 191, 196,749 N.E.2d 274. The plain error rule should not be invoked unless, but for the error, the case's outcome would have been different. State v.Jackson (2001), 92 Ohio St.3d 436, 438, 751 N.E.2d 946; State v.Sanders (2001), 92 Ohio St.3d 245, 263, 750 N.E.2d 90. Appellant argues that if the jury been instructed on the element of control, "the jury would have found [him] not guilty." We disagree.
 {¶ 8} The uncontroverted evidence adduced at trial reveals that at the time of appellant's escape, he was under arrest, handcuffed and seated inside the Glouster Police Station. Additionally, Officer Mayle testified that he gave chase to appellant and ordered him to stop. We do not believe that any reasonable jury could conclude from these facts that appellant was not under police control when he escaped from custody. Appellant also argues that the handcuffs Officer Mayle claims to have used were never found, but we fail to see how this helps appellant's argument. Any escapee would likely remove and dispose of his handcuffs. To the extent that appellant raises this point to challenge the credibility of Officer Mayle's testimony, that issue was a question for the jury to decide. State v. Dye (1998), 82 Ohio St.3d 323, 329,695 N.E.2d 763; State v. *Page 5 Frazier (1995), 73 Ohio St.3d 323, 339, 652 N.E.2d 1000. Here, the jury found Officer Mayle's version of events credible and that was within its province as trier of fact.
 {¶ 9} Finally, we would find no merit in this issue even if appellant had properly preserved this issue for review. The instruction appellant requested emanates from State v. Reed (1981), 65 Ohio St.2d 117,418 N.E.2d 1359, at the syllabus: "A person is under `detention,' as that term is used in R.C. 2921.34, when he is arrested and the arresting officer has established control over his person." This statement of law arose in the context of an attempt to determine if an accused committed escape, a fourth degree felony, or resisting arrest, a misdemeanor. Id. at 123. The Ohio Supreme Court determined that the defendant was not yet under police control at the time of the incident and, thus, could not have been charged with escape. In the case sub judice, however, we do not believe that "control" is an issue. Appellant's arguments to the contrary notwithstanding, the uncontroverted evidence reveals that before his escape, appellant was arrested, handcuffed and seated at the Glouster Police Department. Unlike Reed, there is no question here whether appellant "escaped" or "resisted arrest." Appellant was obviously under the control of police and we see no need for theReed instruction.
 {¶ 10} We also point out that the trial court's jury instruction is the instruction included in the Ohio Jury Instructions for the crime of escape. Those instructions carry a presumption of correctness, as long as they accurately state the law, see e.g. Brookover v. FlexmagIndustries, Inc., Washington App. No. 00CA49, 2002-Ohio-2404, at ¶ 208. Additionally, it is worth noting that Reed was decided in 1981 and, in the ensuing two decades, its pronouncement of law on the issue of "control" has not been incorporated into the Ohio Jury Instructions.
 {¶ 11} For these reasons, we find no error, let alone "plain error," in the trial *Page 6 
court's jury instructions. Accordingly, we hereby overrule appellant's first assignment of error.
 II {¶ 12} Appellant's second assignment of error asserts that insufficient evidence supports his conviction. Specifically, appellant maintains that no evidence was adduced to prove that he was the Matthew Handa named in the Hocking County arrest warrant and that appellee did not prove the existence of a "sufficient judicial order." We disagree with appellant.
 {¶ 13} In reviewing for the sufficiency of evidence, appellate courts look to the adequacy of evidence and whether that evidence, if believed, supports a finding of guilt beyond a reasonable doubt. State v.Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541; State v.Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492. In other words, after viewing the evidence and all inferences reasonably drawn therefrom in the light most favorable to the prosecution, can any rational trier of fact find all essential elements of the offense beyond a reasonable doubt. State v. Hancock, 108 Ohio St.3d 57, 840 N.E.2d 1032,2006-Ohio-160, at ¶¶ 34; State v. Jones (2000), 90 Ohio St.3d 403, 417,739 N.E.2d 300.
 {¶ 14} "Escape" occurs when a person, inter alia, knowingly breaks detention. R.C. 2921.34(A)(1). Officer Mayle testified that he arrested appellant, handcuffed appellant and took appellant to the Glouster Police Station. Later, appellant ran out a police station door after a visit from his girlfriend. This is sufficient evidence to support an escape conviction.
 {¶ 15} As for appellant's claim it was not proven that he is the same "Matthew Handa" named in the "judicial order," (Hocking County arrest warrant) under which he was placed in detention, we find no merit in this argument. First, appellant *Page 7 
acknowledged the sufficiency of that warrant during the trial court proceedings. If appellant intended to question the identity of the person named in the warrant, that issue should have been raised at trial so that appellee would have had the opportunity to adduce such evidence. Second, the identity of the arrestee on the Hocking County order is not an element of the offense of escape, as appellant claims. Rather, this matter goes to the issue of an affirmative defense. See R.C. 2921.34(B). It is axiomatic that an accused bears the burden of proving an affirmative defense. See State v. Aponte, Cuyahoga App. No. 89727,2008-Ohio-1264, at ¶ 12; State v. Jones, Stark App. Nos. 2007-CA-41 2007-CA-77, 2008-Ohio-1068, at ¶ 23; State v. Martin, Franklin App. No. 07AP-362, 2007-Ohio-7152, at ¶ 64. The prosecution does not typically have the burden of disproving a defense.
 {¶ 16} For these reasons, we find no merit in appellant's second assignment of error and it is hereby overruled.
 III {¶ 17} Appellant asserts in his third assignment of error that the trial court erroneously limited his cross-examination of Officer Mayle as to the lack of paper creases or "crumpling" on the fax that he received from Hocking County. Again, we disagree.
 {¶ 18} Our analysis begins with the Sixth Amendment to the United States Constitution and Section 10, Article I, Ohio Constitution which guarantees defendants the right to confront witnesses at trial. Implicit in those guarantees is the right to cross-examine adverse witnesses.State v. Williams (1983), 4 Ohio St.3d 74, 75, 446 N.E.2d 779;State v. Miller (1975), 42 Ohio St.2d 102, 104, 326 N.E.2d 259. The right to confront and cross-examine a witness is not unlimited, however.Delaware v. Van Arsdall (1986), 475 U.S. 673, 679, 106 S.Ct. 1431,89 L.Ed.2d 674. *Page 8 
 {¶ 19} Courts retain wide latitude insofar as the Confrontation Clause is concerned and courts may impose reasonable limits on cross-examination based on, inter alia, concerns about confusion of the issues or interrogation that is marginally relevant. Id. Therefore, the Confrontation Clause guarantees an opportunity for effective cross-examination, not examination that is effective in whatever way, and to whatever extent, a defendant might wish. Id., quotingDelaware v. Fensterer (1985), 474 U.S. 15, 20, 106 S.Ct. 292,88 L.Ed.2d 15. Furthermore, although cross-examination itself is a matter of right, the extent to which cross-examination is permitted with respect to a particular subject of inquiry lies within a trial court's sound discretion. State v. Green (1993), 66 Ohio St.3d 141, 147,609 N.E.2d 1253; also see Alford v. United States (1931), 282 U.S. 687, 691,51 S.Ct. 218, 75 L.Ed.2d 624. Generally, a trial court's decision regarding allowable scope of cross-examination will not be reversed absent an abuse of discretion. State v. Sandlin, Highland App. No. 07CA13, 2009-Ohio-1392, at ¶ 22; State v. Schofeild, Washington App. Nos. 01 CA36 02CA13, 2002-Ohio-6945, at ¶¶ 150. An abuse of discretion is defined as generally something more than an error of law or judgment; rather, an abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable. State v. Herring (2002),94 Ohio St.3d 246, 255, 762 N.E.2d 940; State v. Clark (1994),71 Ohio St.3d 466, 470, 644 N.E.2d 331. In other words, an abuse of discretion means that the result is so palpably and grossly violative of fact or logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance of judgment, and not the exercise of reason but, instead, passion or bias. Nakoff v. FairviewGen. Hosp. (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1, 3. Appellate courts are further cautioned that they should not simply substitute their own judgment on discretionary matters entrusted to trial courts.State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 732, *Page 9 654 N.E.2d 1254; In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138,566 N.E.2d 1181.
 {¶ 20} Like the trial court and the prosecution, we fail to see the importance of the crumpled fax. Officer Mayle testified that he shoved the fax into his pocket when he gave chase to appellant after the escape. The fax introduced at trial, however, was pristine and bore no signs of crumpling as one would expect with a paper that was shoved into one's pocket. Appellant questioned Officer Mayle about the lack of crumpling, but appellee objected on grounds of relevancy. The trial court sustained that objection.
 {¶ 21} Appellant contends that the lack of crumpling goes to the issue of credibility and that if Officer Mayle would make misstatements about shoving the fax into his pocket before he chased appellant, he may have made other misstatements about other facts in the case. We disagree. To begin, Officer Mayle explained the lack of crumpling by noting that the fax produced at trial is a copy of what he shoved into his pocket, not the actual version of the fax document that he shoved into his pocket that day. Second, appellant cross-examined Officer Mayle to a limited extent about the lack of crumpling, and we find no abuse of discretion on the part of the trial court in limiting that cross-examination.
 {¶ 22} Finally, we cannot accept the underlying premise to appellant's argument that the prosecution's entire case would have collapsed if the trial court allowed him to further pursue this particular line of questioning. We are not persuaded that the trial court erred, let alone abused its discretion, by sustaining the prosecution's objection to this line of questioning.
 {¶ 23} Accordingly, we hereby overrule appellant's third assignment of error.
 IV {¶ 24} Appellant's fourth assignment of error asserts that the trial court *Page 10 
erroneously deprived him of an opportunity to defend against the crime with which he was charged. Part of this argument involves the issue of cross-examination on the crumpled fax that we addressed in appellant's third assignment of error and we will not re-address that matter here. The remainder of appellant's argument claims that he was denied the opportunity to have "assistant prosecutor Pat Lang" testify that appellant had an "OR bond" two days before he was arrested by "Officer Mayle." This, he claims, would have shown his "state of mind as to whether, or not, he was in fact under detention." We find no merit to this claim.
 {¶ 25} Again, the uncontroverted testimony was that Officer Mayle arrested appellant, handcuffed appellant and took appellant to the Glouster Police Station to be processed. Any reasonable person, given these particular facts and circumstances, should believe that they are under detention. We note that if appellant truly did not believe that he was under detention, he would have had no reason to run from the Glouster police station and that he would have stopped when Officer Mayle ordered him to stop. He did not. Rather, appellant ran from Officer Mayle through the streets of Glouster. It is unlikely that anyone would engage in such activity unless they were making an escape from police. Whether appellant had an "OR bond" would not have made any difference on this issue. Furthermore, appellant's claim that he was unsure about whether he was under detention because Officer Mayle left the police station door unlocked borders on ridiculous.
 {¶ 26} Accordingly, we find no merit in the argument that the trial court denied appellant the opportunity to present a defense. Accordingly, we hereby overrule appellant's fourth assignment of error.
 V {¶ 27} Appellant asserts in his fifth assignment of error that the trial court violated *Page 11 
the Evid. R. 1002 "best evidence rule" by allowing a copy of the crumpled fax into evidence, rather than the actual crumpled fax.[4] Again, we disagree.
 {¶ 28} To the extent that appellant raises the same arguments he made in his third and fourth assignments of error, we reject them for the same reasons set forth in our resolutions of those assignments of error. Further, assuming arguendo that the crumpled fax was the original, a duplicate is admissible as an original unless a genuine question is raised as to authenticity of the original. Evid. R. 1003; also seeState v. Aliff (Apr. 5, 2000), Lawrence App. No. 99CA8; State v.Bragg (Jun. 11, 1999), Ross App. No. 98CA2444. Here, no question existed as to authenticity of the document.[5] Also, the reason appellant wanted the first fax copy was to ascertain whether it was crumpled or pristine, so as to attack Officer Mayle's credibility. At best, this is a "collateral matter" that would allow introduction of a duplicate anyway. See Evid. R. 1004(4). For all these reasons, we find no merit in the fifth assignment of error and it, too, is hereby overruled.
 {¶ 29} Having reviewed all errors assigned and argued by appellant in his brief, and finding merit in none of them, we hereby affirm the trial court's judgment.
 JUDGMENT AFFIRMED. *Page 12 
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, P.J., Kline, J. McFarland, J.: Concur in Judgment Opinion
[2] Appellant's fifth assignment of error was not included in appellant's statement of the assignments of error, but was included at the end of the argument in his brief.
[3] Appellant did object to the absence of the instruction after the jury retired to deliberate. At that point, however, the objection was too late.
[4] Evid. R. 1002 generally requires an "original" to prove the content of a writing. An "original" of a writing is the writing itself. Evid. R. 1001(3). A "duplicate" is a counterpart to the original produced by mechanical or electrical means. Id. at (4).
[5] Although we assume for purposes of review that the crumpled fax was the original document, a plausible argument can be made that it, too, is not an original document. The "original" is the document faxed by Hocking County to the Glouster police. That said, appellant is essentially complaining that one duplicate of the original document was introduced into evidence over another duplicate that he would have preferred to have had introduced instead. But, see, State v.Fasheun (Feb. 16, 1995), Meigs App. No. 480, wherein this Court suggested a fax could be the "original document." *Page 1