OPINION
{¶ 1} Defendant-Appellant, William Capone, appeals a judgment of the Crawford County Common Pleas Court finding him guilty of forgery in violation of R.C. 2913.13(A)(3). Capone asserts the trial court erred in failing to instruct on the lesser included offense of attempted forgery. Finding the evidence was insufficient to support an attempted forgery instruction, we affirm the trial court's determination.
 {¶ 2} On July 10, 2002, Capone walked into a Geyers Supermarket in Galion, Ohio and attempted to purchase $83.71 worth of groceries and cigarettes. The supermarket cashier testified that Capone presented her with a check for payment. The check was signed by Barbara Treisch and was made out to Geyers, but the amount area was left blank. Capone asked the cashier to fill in the amount of the check for an additional twenty dollars above the purchase price. Upon request, Capone presented the cashier with his state identification card, and she proceeded to write Capone's state identification number on the check. Noticing that Capone was not the named owner of the check, the cashier informed Capone she could not take the check. Capone then told the cashier that Barbara Treisch was waiting outside the store and that he would go get her. Capone left the store and did not return.
 {¶ 3} The Galion Police Department was contacted and Capone was arrested later that day. Capone had his state identification card in his pocket at the time of the arrest. Capone's state identification number matched the number written on the check presented to the cashier.
 {¶ 4} In August of 2002, a Crawford County grand jury returned a five count indictment for forgery in violation of 2913.31(A)(3) against Capone. All five counts involved Capone's alleged uttering of five separate checks. Subsequently, the state filed a motion to dismiss counts one through four, pursuant to R.C. 2913.61(C). The trial court granted the state's motion, and Capone proceeded to trial on count five of the indictment.
 {¶ 5} At trial, the cashier testified to the above events. Barbra Treisch also testified that in May 2002 her residence had been burglarized and several checks had been stolen. Treisch identified the check Capone presented to the cashier as her own. However, she stated that the signature was not her own and that she did not authorize anyone else to write out that check or use it to buy groceries. Finally, Capone testified that his friend Todd Terrell had asked him to go to the supermarket on the day in question. He stated that Terrell had given him a list of things to buy, as well as, Treisch's check. Capone believed the check was legitimate and that Terrell had asked him to cash it because Terrell did not have valid identification at that time. Capone stated that when the cashier would not cash the check he went outside to talk to Terrell. When Terrell became nervous and refused to come into the supermarket, Capone left the premises. Capone denied telling the cashier that Barbara Treisch was outside.
 {¶ 6} Prior to trial, Capone filed a motion requesting the court to instruct the jury on the lesser included offense of attempted forgery. Following the presentation of all the evidence, the trial court denied Capone's motion. The jury returned a verdict of guilty, and Capone was sentenced to ten months in the Ohio Department of Rehabilitation and Corrections. It is from this conviction that Capone appeals, where he asserts the following sole assignment of error:
The Trial Court Erred And Deprived The Appellant Of Due Process By Failing To Instruct The Jury On The Lesser Included Offense Of Attempted Forgery And Instead Instructed The Jury Solely On Forgery In Violation Of The Forteenth Amendment To The United States Constitution, Article 1, Section 10 And 16 Of The Ohio Constitution, And Ohio Rule Of Criminal Procedure 30(A).
 {¶ 7} Capone alleges that the trial court erred in failing to instruct the jury on the offense of attempted forgery, asserting that because Capone received nothing of value in exchange for the check that his actions constituted a mere attempt. We disagree.
 {¶ 8} An instruction on a lesser included offense is not required unless the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense.[1] Thus, it is within a trial court's discretion to refuse to instruct the jury on a lesser included offense.[2] Absent a showing of abuse of discretion, the court's jury instruction stands.
 {¶ 9} While the offense of attempt to commit the charged offense is not technically, a "lesser included offense," a defendant is entitled under R.C. 2945 and Crim.R. 31(C) to have the attempt offense submitted to the jury "if such an offense is an offense at law" and if the evidence is sufficient for such submission. In State v. Deem,[3] the Ohio Supreme Court noted that even if an attempt, as a criminal offense, is not included in the indictment, the court must instruct the jury on attempt charge if "the defendant presents sufficient evidence that his conduct was unsuccessful in constituting the indicted offense."
 {¶ 10} The obvious purpose of securing an attempt instruction was to permit Capone to argue to the jury that because he was not able to purchase the groceries and cigarettes, that he had done nothing more than merely attempt to commit forgery. The flaw in appellant's argument is that he fails to focus upon the elements of the crime in which he was charged. Capone was specifically charged and tried under R.C.2913.31(A)(3), which states:
No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:
* * *
(3) Utter, or possess with purpose to utter, any writing that the person knows to have been forged.
"`Utter' means to issue, publish, transfer, use, put or send into circulation, deliver, or display."[4]
 {¶ 11} An offense is completed and criminal liability attaches and is irrevocable as soon as the actor satisfies all the elements of an offense. Under R.C. 2913.31(A)(3), Capone completed the crime and criminal liability attached when he possessed Treisch's check, which he knew to be forged, with the intent to utter or transfer that check.[5]
An exchange for value is not an element of the offense. The record reveals ample evidence from which the jury could find that, with the purpose to defraud, Capone transferred or delivered to the cashier a writing which he knew to be forged.
 {¶ 12} Additionally, the evidence was insufficient to support both an acquittal on the forgery charge and a conviction on the attempt charge. Capone had already completed the charged offense with the possession of the check with the purpose to utter. Thus, the issue of attempt is moot. Accordingly, an instruction on the lesser included offense of attempted forgery would have been improper.
Having found no error prejudicial to the Appellant herein, the judgment of the Crawford County Common Pleas Court is hereby affirmed.
Judgment affirmed.
SHAW and CUPP, JJ., concur.
[1] State v. Thomas (1988), 40 Ohio St.3d 213, 216; also, see,State v. Kidder (1987), 32 Ohio St.3d 279, 282-83.
[2] State v. Mitchell (1990), 53 Ohio App.3d 117, 119-120.
[3] (1988), 40 Ohio St.3d 205, 208.
[4] R.C. 2913.01(H).
[5] See e.g. State v. Wright (June 17, 1982), 8th Dist. No. 44198, unreported; State v. Foster (June 13, 1981), 1st Dist. No. C-800341, unreported.