DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Kevin Cadle, appeals his conviction and sentence by the Summit County Court of Common Pleas. We affirm.
 {¶ 2} On July 28, 2006, employees of the Home Depot in Cuyahoga Falls saw three men who, in their judgment, were acting suspiciously. Defendant was seen pushing a flat cart loaded with a vanity toward the checkout area. Before he reached the checkout, Defendant left the cart behind. He then exited the store. Employees found numerous Dewalt power tools concealed within the vanity, and Defendant was arrested at a nearby restaurant. On September 8, 2006, he was indicted on a charge of theft in violation of R.C. 2913.02(A)(1)/(3), a fifth-degree felony. Defendant was found guilty by a jury and, on January 2, 2008, the trial court sentenced him to a six-month prison term. Defendant timely appealed. *Page 2 
 ASSIGNMENT OF ERROR I "The court erred in not granting the Defendant's motion for a Criminal Rule 29 Aquittal at the conclusion of the State's case as the evidence presented was insufficient to sustain a conviction for theft."
 ASSIGNMENT OF ERROR II "The verdict finding [defendant] guilty of theft in violation of Ohio Revised Code § 2913.02(A)(3) is against the manifest weight of the evidence and as such the verdict should be reversed."
 {¶ 3} Defendant's first and second assignments of error, which are consolidated for purposes of discussion, argue that his conviction for theft is not supported by sufficient evidence and is against the manifest weight of the evidence. In both assignments of error, Defendant argues that no theft occurred because he did not remove the cart containing the vanity filled with power tools from Home Depot.
 {¶ 4} When reviewing a trial court's denial of a Crim. R. 29 motion, this Court assesses the sufficiency of the evidence "to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. In making this determination, we must view the evidence in the light most favorable to the prosecution. Id.; State v. Feliciano (1996), 115 Ohio App.3d 646,653. "In essence, sufficiency is a test of adequacy." State v.Thompkins, 78 Ohio St.3d 380, 386.
 {¶ 5} A challenge to the weight of the evidence presents a different question. "While the test for sufficiency requires a determination of whether the [S]tate has met its burden of production at trial, a manifest weight challenge questions whether the [S]tate has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against *Page 3 
the manifest weight of the evidence, this Court does not view the evidence in the light most favorable to the State, but:
 "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id. Because sufficient evidence is required to take a case to the jury, the conclusion that a conviction is supported by the weight of the evidence necessarily includes a finding of sufficiency. State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2.
 {¶ 6} R.C. 2913.02(A)(3), which prohibits theft, provides that "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [b]y deception[.]" To deprive one of property is to:
 "(1) Withhold property of another permanently, or for a period that appropriates a substantial portion of its value or use, or with purpose to restore it only upon payment of a reward or other consideration;
 "(2) Dispose of property so as to make it unlikely that the owner will recover it; [or]
 "(3) Accept, use, or appropriate money, property, or services, with purpose not to give proper consideration in return for the money, property, or services, and without reasonable justification or excuse for not giving proper consideration." R.C. 2913.01(C).
Deprivation, however, need not be complete:
 "`The least removing of items with an intent to deprive the owner of it is a sufficient asportation, though the property is not removed from the premises of the owner nor retained in the possession of the thief. * * *' [This] comports with common sense, for to wait until the suspect leaves the store with the stolen merchandise may indeed jeopardize the successful apprehension of the suspect." State v. Williams (1984), 16 Ohio App.3d 232, 234, quoting State v. Brown (Aug. 2, 1983), 2d Dist. No. 8197, at *4. *Page 4 
See, also, State v. Watkins, 9th Dist. Nos. 23133, 23145,2006-Ohio-6380, at ¶ 24; State v. Brumley (June 17, 1987), 9th Dist. No. 12963, at *1-2.
 {¶ 7} Consequently, courts have concluded that a theft has occurred when a defendant conceals merchandize on his person in a retail establishment even if he is detained or discards the merchandise before leaving the premises. "The state need only prove that appellant exerted control over the merchandise with the intent to deprive the store of its property, regardless of whether [the defendant] was still in the store. The slightest act of removal or hiding of property, coupled with the requisite intent, is a sufficient asportation in the eyes of the law."State v. Arthur, 4th Dist. No. 01CA2919, 2002-Ohio-3764, at ¶ 17. See, also, State v. McGhee, 6th Dist. No. L-06-1210, 2007-Ohio-6527, at ¶ 23; State v. Bean, 2d Dist. Nos. 22035, 22036, 2007-Ohio-6132, at ¶ 19-20; State v. Peak, 11th Dist. No. 2004-L-124, 2005-Ohio-6422, at ¶ 33-34; State v. Randazzo, 8th Dist. No. 79667, 2002-Ohio-2250, at ¶ 51; State v. Dozier (Dec. 12, 1989), 2d Dist. No. 11398, at *3. The concomitant intention to deprive the owner of property is demonstrated by circumstantial evidence. Arthur at ¶ 17.
 {¶ 8} Mr. Marc Garnek, a Home Depot employee assigned to "Asset Protection," worked the afternoon shift at Home Depot on July 28, 2006. Mr. Garnek's job was to "walk the stores and look for potential shoplifters" while dressed in plainclothes. Mr. Garnek testified that as he patrolled the aisles on July 28th, he recognized two individuals with whom Home Depot had problems with theft in the past: Brian Stanton and Chad Doyle. According to Mr. Garnek, Stanton and Doyle were accompanied by a third individual, whom he identified as Defendant. Mr. Garnek, whose testimony accompanied a surveillance video from the store, testified that Defendant entered the Home Depot through the lumber entrance with an empty flat cart. Mr. Garnek recalled that he noticed behavior from Stanton, Doyle, and Defendant that raised his *Page 5 
suspicions. Specifically, he observed that the three were located in an aisle in which the view was partially obscured by two large doors that had been placed on a cart and that Doyle and Defendant appeared to be acting as lookouts. He testified that Stanton and Doyle selected Dewalt power tools from an end-of-aisle display at least four times and returned with the tools to a flat cart that contained a vanity.
 {¶ 9} As Mr. Garnek watched, Defendant took possession of the cart containing the vanity, left the aisle, and proceeded toward the main checkout area. Prior to leaving the store, however, Defendant abandoned the cart and left empty handed. Mr. Garnek followed Defendant from the store and saw Stanton and Doyle sitting in a van watching the doors from which Defendant exited. The two pulled out from the parking space after Defendant left with Mr. Garnek close behind, and Defendant continued across the parking lot. Mr. Garnek testified that the vanity found on the cart was "packed very neatly" and "filled with Dewalt power tools." The value of the items, including the vanity in which they were stowed, was $3,434.00. Mr. Garnek acknowledged that all of the tools were recovered and that Home Depot did not suffer a loss.
 {¶ 10} Officers David Holzapfel and Ronald Wahl responded to the scene, where Stanton and Doyle were stopped as they drove away in a blue Astro van. Officer Wahl testified that Stanton and Doyle had changed clothes by the time they were stopped and that the van contained numerous items of clothing, three walkie talkies, and many rolls of sealing tape. Officer Wahl left the parking area with Mr. Garnek in order to locate Defendant. Within twelve minutes, Mr. Garnek identified Defendant at a nearby Burger King restaurant and Defendant was placed under arrest. Neither Officer Holzapfel nor Officer Wahl witnessed the events inside the Home Depot, and Officer Wahl acknowledged that no evidence in the van connected Defendant to Stanton and Doyle. *Page 6 
 {¶ 11} Having reviewed the evidence in this case, along with the reasonable inferences that can be drawn therefrom, this Court concludes that Defendant's conviction for theft is not against the manifest weight of the evidence. The testimony at trial established that Defendant did not leave Home Depot with any contraband. It also established, however, that Defendant exerted control over the tools with the intent to deprive Home Depot of its merchandise. Defendant's conviction is not against the manifest weight of the evidence. It follows that his conviction is supported by sufficient evidence as well. See Roberts at *2. Defendant's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR III "THE COURT ERRED IN ITS JURY INSTRUCTIONS BY NOT INCLUDING INSTRUCTIONS FOR THE LESSER INCLUDED OFFENSE OF "ATTEMPTED THEFT" AS WELL AS THE AFFIRMATIVE DEFENSE OF ABANDONMENT IN RELATION TO BOTH THE INSTRUCTION OF ATTEMPTED THEFT AND CONSPIRACY TO COMMIT THEFT AND FAILURE TO SO INSTRUCT THE JURY IS PLAIN ERROR."
 {¶ 12} Defendant's third assignment of error argues that the trial court committed plain error by failing to instruct the jury on attempted theft and the corresponding defense of abandonment. Defendant has also argued that the trial court erred by instructing the jury on a charge of conspiracy to commit theft.
 {¶ 13} As an initial matter, we note that Defendant did not provide this Court with a transcript of the trial court's charge. A printed copy of the jury instructions has been included in the record on appeal with the trial exhibits, and it appears that this copy satisfied the trial court's obligation to preserve a copy for use by the jury and for the record. See Crim. R. 30(A) ("The court shall reduce its final instructions to writing or make an audio, electronic, or other recording of those instructions, provide at least one written copy or recording of those instructions to the jury for use during deliberations, and preserve those instructions for the record."). Considering *Page 7 
that the copy of the charge preserved in accordance with Crim. R. 30 does not reflect objections or other discussion on the record, however, it is this Court's opinion that the better practice is for the appellant to include a transcript of jury instructions in the record on appeal. See App. R. 9(B).
 {¶ 14} In this case, however, Defendant concedes that he did not object to the jury instructions and has forfeited all but plain error for purposes of appeal. See State v. Payne, 114 Ohio St.3d 502,2007-Ohio-4642, at ¶ 22-23. "By its very terms, [Crim. R. 52(B)] places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. First, there must be an error, i.e., a deviation from a legal rule. Second, the error must be plain. To be `plain' within the meaning of Crim. R. 52(B), an error must be an `obvious' defect in the trial proceedings. Third, the error must have affected * * * the outcome of the trial." (Internal citations omitted.) State v. Barnes (2002), 94 Ohio St.3d 21, 27. This court notices plain error only in exceptional circumstances to prevent a manifest miscarriage of justice. See State v. Long (1978),53 Ohio St.2d 91, 97.
 {¶ 15} Defendant's characterization of attempted theft as a lesser included offense of theft is incorrect. Attempt is one of "three groups of lesser offenses on which, when supported by the evidence at trial, [a jury] must be charged and on which it may reach a verdict[.]" Statev. Deem (1988), 40 Ohio St.3d 205, paragraph one of the syllabus. In this respect, attempt is similar to, yet conceptually distinct from, lesser included offenses and crimes that represent inferior degrees of the indicted offense:
 "Each of these groups of offenses is conceptually separate and distinct from the group of lesser `included' offenses also provided for in the statute and rule.
 "Attempts, as criminal offenses, arise from R.C. 2923.02 and need not be included within the indictment for the completed offense. Rather, if during the course of trial the defendant presents sufficient evidence that his conduct was *Page 8 
unsuccessful in constituting the indicted offense, an instruction to the jury on attempt would be proper." Id. at 208.
See, also, State v. Aponte, 8th Dist. No. 89727, 2008-Ohio-1264, at ¶ 12; State v. Capone, 3d Dist. No. 3-03-18, 2003-Ohio-5302, at ¶ 9.
 {¶ 16} Defendant argues that an attempted theft charge was warranted in this case because "he abandoned any effort to commit the offense by walking out of the store without trying to take any merchandise and without being approached by anyone from Home Depot in regards to any of his actions while in the store." As set forth in this Court's disposition of Defendant's first and second assignments of error, however, Defendant's actions were sufficient to constitute a completed theft. See, e.g., State v. Bateman (June 26, 1997), 10th Dist. No. 96APA09-1159, at *6 (concluding that the defendant's actions were sufficient to constitute a completed theft and that an attempt instruction was not warranted)[1] . In this case, an instruction on attempted theft was not required because the evidence did not support the conclusion that Defendant was unsuccessful in committing the offense of theft. See Deem at 208. Because the trial court was not required to instruct the jury regarding attempted theft, it follows that an abandonment instruction was not required either. See, e.g., R.C. 2923.02(D).
 {¶ 17} Defendant also argues that the trial court committed plain error by instructing the jury regarding conspiracy to commit theft. He directs this Court's attention to the following excerpt from the trial court's charge:
 "The Defendant is charged with complicity in the commission of the offense of theft. Before you can find the Defendant guilty, you must find beyond a *Page 9 
reasonable doubt, that on or about the 28th day of July, 2006, and in Summit County, Ohio, the Defendant did knowingly aided [sic] or abetted [sic] another in committing the offense of theft.
 "I tell you that a person who knowingly aids, helps, assists, encourages, directs, or associates himself with another either for the purpose of committing or in the commission of a crime is regarded as if he were the principal offender and is just as guilty as if he personally performed every act constituting the offense.
 "Where one engages in a common design with others to rob another of property by force and violence he is presumed to acquiesce in whatever acts may be reasonably necessary to accomplish the object of the enterprise. If under the circumstances it might be reasonably expected that the victim would be restrained of his liberty, each one engaged in a common design is bound by the probable consequences arising in its furtherance. The criminal intent of the aider and abettor may be inferred from the presence, companionship and conduct before and after the offense is committed."
This portion of the trial court's charge provides a complicity instruction as permitted by R.C. 2923.03(F). See, generally, State v.Herring (2002), 94 Ohio St.3d 246, 251. "A defendant may be convicted of the principal offense if it is established that the defendant acted in complicity with another." State v. Anderson, 9th Dist. No. 22845,2006-Ohio-5048, at ¶ 28. The trial court did not instruct the jury regarding conspiracy, and there was no error in this regard.
 {¶ 18} The trial court did not commit plain error in its instructions to the jury. Defendant's third assignment of error is overruled.
 {¶ 19} Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 10 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
WHITMORE, J., DICKINSON, J., CONCUR.
[1] In Bateman, as in Ranzanno, 2002-Ohio-2250, at ¶ 52, the court concluded that an attempt instruction was not warranted because the evidence demonstrated that the defendant successfully completed the actions that constituted a theft. Although these opinions assume that attempted theft is a lesser included offense of theft, their analysis is instructive with respect to whether the evidence warranted an attempt instruction. *Page 1