DECISION AND JOURNAL ENTRY
{¶ 1} Defendant/Appellant, Michael Evans, appeals his conviction and sentence for rape, kidnapping, and felonious assault in the Medina County Court of Common Pleas. We affirm.
 {¶ 2} On June 13, 2006, Defendant was indicted on one count of kidnapping in violation of R.C. 2905.01(A)(2), a first-degree felony; one count of kidnapping in violation of R.C. 2905.01(B)(2), a first-degree felony; two counts of rape in violation of R.C. 2907.02(A)(2), first-degree felonies; and one count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony, for conduct against Amy Mast on June 6, 2006, through June 7, 2006, at the Red Roof Inn in Medina County, Ohio. Defendant was tried to a jury on March 26, 2007, and was convicted on all counts. The trial court sentenced Defendant to six years of incarceration on the two kidnapping convictions, which were merged, and eight years on each *Page 2 
count of rape and felonious assault for a total of 30 years imprisonment. Defendant timely appealed and raises four assignments of error.
 Assignment of Error I "The trial court erred by limiting the substance of relevant cross-examination in violation of [Defendant's] Sixth Amendment Right of the United States Constitution."
 {¶ 3} In his first assignment of error, Defendant asserts that the trial court improperly denied his right to cross-examine Mast about her misdemeanor conviction for obstruction of official business where the facts supporting that conviction were that Mast lied to the police. Defendant maintains that the trial court should have permitted the police officer, who was present at trial, to testify that Mast lied and/or should have allowed defense counsel to cross-examine Mast about her conduct that led to the obstruction conviction.
 {¶ 4} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Harmon, 9th Dist. No. 22399, 2005-Ohio-3631, at ¶ 13, citing State v. Ditzler (Mar. 28, 2001), 9th Dist. No. 00CA007604, at *5. "Therefore, unless the trial court has abused its discretion and the appellant has been materially prejudiced by the exclusion, this Court will not interfere." Harmon at ¶ 13. "Abuse of discretion connotes more than simply an error in judgment; the court must have acted in an unreasonable, arbitrary, or unconscionable manner." Id., citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
 {¶ 5} At trial, Defendant argued that Evid. R. 609(A)(3) allowed him to introduce the testimony of a police officer about the factual basis of Mast's prior conviction for obstruction of official business, i.e., that Mast lied to the police. Evid. R. 609(A)(3) states that, "notwithstanding Evid. R. 403(A), but subject to 403(B), evidence that any witness, including any accused, has been convicted of a crime is admissible if the crime involved dishonesty or *Page 3 
false statement, regardless of the punishment and whether based upon state or federal statute or local ordinance."
 {¶ 6} It is undisputed that Mast pled to and was found guilty of obstructing official business in violation of R.C. 2921.31(A), which states that, "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."
 {¶ 7} The trial court ruled that evidence of Mast's conviction was inadmissible under Evid. R. 609(A)(3) stating that:
 "I believe this Court can limit * * * the application of 609 to cases in which the conviction itself has, the crime has the element of dishonesty or false statement.
 "I don't believe this crime has those elements. Therefore the defendant will not be allowed to use the conviction."
 {¶ 8} We initially note that the record is unclear as to how the issue of Defendant's intent to introduce Mast's prior conviction for obstruction of official business came before the trial court. The trial court made its ruling, however, that Defendant would not be allowed to "use the conviction" and defense counsel preserved this issue for appeal by objecting to the trial court's ruling at pages 45-50 of the trial transcript. To the extent that Defendant is now arguing that he should have been permitted to use Mast's conviction to impeach her, or as character evidence pursuant to Evid. R. 608(B), our review of the record does not demonstrate that Defendant attempted to do so or that this issue was ever before the court.
 {¶ 9} It is true that "crimes of deceit are subject to a less stringent standard of admissibility" and "[w]here credibility is at issue, evidence of a conviction of a crime of dishonesty is especially relevant and material to the trier of fact." Schmidt v. B.E.S. ofOhio, *Page 4 Inc., 9th Dist. No. 23193, 2007-Ohio-1822, at ¶ 10, quoting State v.Wright (June 24, 1998), 7th Dist. No. 96-C0-34, at *2. However, we agree with the trial court that the crime of obstruction of official business does not have deceit, dishonesty or false statement as an element so as to allow extrinsic evidence, by way of the police officer, to prove it. See Evid. R. 608(B); State v. Hicks (Dec. 29, 1997), 4th Dist. No. 97 CA 2292, at *5. Such crime does not clearly involve dishonesty as contemplated by Evid. R. 609(A)(3). See State v. McCrackin, 12th Dist. No. CA2001-04-096, 2002-Ohio-3166, at ¶ 35 (finding that domestic violence is not an offense involving dishonesty or false statement);State (Village of Holland) v. Latta (July 15, 1994), 6th Dist. No. L-93-202, at *4 (finding that driving under the influence is not an offense of dishonesty or false statement). Cf, State v. Ewing, 10th Dist. No. 06AP-243, 2006-Ohio-5523, at ¶ 24 (finding burglary and attempted robbery to be crimes of dishonesty); Schmidt at ¶ 10 (finding theft by deception to be a crime of deceit); Carr v. Carr (Nov. 20, 1996), 4th Dist. No. 95CA1702, at *2 (finding falsification of a birth certificate to be a crime of deceit).
 {¶ 10} The trial court did not abuse its discretion when it did not allow a police officer to testify about the facts surrounding Mast's conviction for obstruction of official business on behalf of Defendant. Defendant's first assignment of error is overruled.
 Assignment of Error II "The Defendant was denied his right to a fair trial under the United States Constitution, Fourteenth Amendment, when the trial judge failed to instruct the jury on the theory of the defense that someone else raped and assaulted the victim [sic] where there was evidence in the record which supported this defense."
 {¶ 11} In his second assignment of error, Defendant argues that he was denied his constitutional rights when the trial court failed to instruct the jury on the theory of misidentification. Defendant maintains that the evidence supported such an instruction because *Page 5 
DNA evidence and witness testimony, including that of the victim, demonstrate that another person could have committed the crimes for which he was charged.
 {¶ 12} We review a trial court's decision to give or decline to give a requested jury instruction for an abuse of discretion under the facts and circumstances of the case. See State v. Wolons (1989),44 Ohio St.3d 64, 68.
 {¶ 13} We initially note that Defendant does not assert on appeal that he proposed a jury instruction on misidentification and that the trial court failed to give it. Our review of the record demonstrates that Defendant did not propose such instruction and did not object to the instructions given. Defendant has, therefore, "forfeited all but plain error for purposes of appeal." State v. Cadle, 9th Dist. No. 24064,2008-Ohio-3639, at ¶ 14, citing State v. Payne, 114 Ohio St.3d 502,2007-Ohio-4642, at ¶ 22-23. Defendant has not requested, however, that we review the issue for plain error, nor has he demonstrated why we should delve into this issue for the first time on appeal. State v.Meyers, 9th Dist. Nos. 23864, 23903, 2008-Ohio-2528, at ¶ 42, citingIn re L.A.B., 9th Dist. No. 23309, 2007-Ohio-1479, at ¶ 19. We therefore, decline to address this issue. In re L.A.B. at ¶ 19.
 {¶ 14} Defendant's second assignment of error is overruled.
 Assignment of Error III "The [Defendant] was denied his right to effective assistance of counsel when counsel failed to request jury instructions on the theory of the defense that someone else raped and assaulted the victim, where there was evidence in the record to support this defense."
 {¶ 15} In his third assignment of error, Defendant argues that his trial counsel was ineffective in failing to request the instruction discussed in his second assignment of error related to the theory of "misidentification." As noted above, Defendant did not set forth the instruction *Page 6 
that counsel should have proposed. Neither does Defendant assert that the instructions given were incorrect statements of law.
 {¶ 16} "This court analyzes claims of ineffective assistance of counsel under a standard of objective reasonableness." State v.Myers, 9th Dist. No. 23853, 2008-Ohio-1913, at ¶ 28, citingStrickland v. Washington (1984), 466 U.S. 668, 688; State v.Bradley (1989), 42 Ohio St.3d 136, 142. To prevail, a defendant must demonstrate that counsel's performance was so deficient and "so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment[.]" Strickland, 466 U.S. at 687. Defendant "must show * * * that the errors made by counsel were `so serious as to deprive the defendant of a fair trial[.]'" Myers at ¶ 28, quoting Strickland, 466 U.S. at 687. In analyzing a claim of ineffective assistance under Strickland, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689. Trial strategy "must be accorded deference and cannot be examined through the distorting effect of hindsight." State v. Conway, 109 Ohio St.3d 412,2006-Ohio-2815, at ¶ 115. "A defendant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable possibility that the outcome of the trial would have been different."Myers at ¶ 28, citing Strickland, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691.
 {¶ 17} We hold that Defendant was not denied his right to effective assistance of counsel. We first note that misidentification was not an issue at trial. Mast knew Defendant and identified him as the person who raped, kidnapped, and assaulted her as opposed to identifying him from a photo array. Thus, Defendant is really challenging Mast's credibility. "It is *Page 7 
fundamental that jury instructions must be considered as a whole."State v. Jackson (2001), 92 Ohio St.3d 436, 446. Here, the trial court's instruction required the jury to determine that the elements of each offense were proven beyond a reasonable doubt. The jury was also instructed to "consider the credibility of the witnesses" based on "his or her manner of testifying; the opportunity he or she had to see, hear and know the things concerning which he or she testified, his or her accuracy of memory; frankness or lack of it; intelligence, interest and bias, if any; together with all the facts and circumstances surrounding the testimony." "Since the trial court's general instructions adequately covered that identity be established beyond a reasonable doubt," trial counsel was not ineffective for failing to ask the court to give the jury a misidentification instruction. See State v. Klein, (Jan. 13, 1988), 9th Dist. No. 2280, at *2 (analyzing the propriety of the trial court's failure to give an instruction pursuant to United States v.Telfaire (C.A.D.C. 1972), 469 F.2d 552.).
 {¶ 18} Defendant's third assignment of error is overruled.
 Assignment of Error IV "The trial court committed reversible error when it failed to run the kidnapping and rape convicitons [sic] concurrent pursuant to R.C. § 2941.25(A)."
 {¶ 19} In his last assignment of error, Defendant argues that the trial court erred when it sentenced him to concurrent sentences for the kidnapping and rape convictions. Defendant maintains that kidnapping and rape are allied offenses of similar import under the facts of this case. Defendant also asserts in his argument related to his assignment of error that the trial court erred in convicting him of both kidnapping and rape. Defendant raised this issue at sentencing and also argues plain error on appeal. *Page 8 
 {¶ 20} R.C. 2941.25 provides as follows:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
Further,
 "[i]n applying this statute, courts have used a two-step analysis. The first step requires a comparison of the elements of the offenses in the abstract. Allied offenses of similar import are those offenses that correspond to such a degree that the commission of one offense will result in the commission of the other.
 "If the court finds that the offenses are allied offenses of similar import, it must proceed to the second step of the analysis, which involves a review of the defendant's conduct to determine whether the offenses were committed separately or with a separate animus as to each. (Internal citations omitted.) State v. Murray, 156 Ohio App.3d 219, 2004-Ohio-654, at ¶ 17-18.
 {¶ 21} "[I]n determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), Rance requires courts to compare the elements of offenses in the abstract, i.e., without considering the evidence in the case, but does not require an exact alignment of elements." State v. Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, at ¶ 27.
 {¶ 22} Kidnapping in violation of R.C. 2905.01(A)(4) and rape in violation of R.C. 2907.02(A)(1) have been found to be allied offenses of similar import. State v. Donald (1979), 57 Ohio St.2d 73, syllabus. This is so because kidnapping under section (A)(4) of the statute requires that a person remove another from the place where he is found or restrain him of his liberty for purpose of engaging in sexual activity with the victim against his will. See, Donald, 57 Ohio St.2d at 75. Here, however, Defendant was convicted of kidnapping in violation of R.C. 2905.01(A)(2) and (B)(2), which state that: *Page 9 
 "(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
 * * *
 (2) To facilitate the commission of any felony or flight thereafter;
 * * *
 "(B) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall knowingly do any of the following, under circumstances that create a substantial risk of serious physical harm to the victim or, in the case of a minor victim, under circumstances that either create a substantial risk of serious physical harm to the victim or cause physical harm to the victim:
 * * *
 (2) Restrain another of the other person's liberty[.]"
 {¶ 23} A person commits rape in violation of R.C. 2907.02(A)(2) if that person "engage[s] in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."
 {¶ 24} In order to commit a kidnapping under the sections of the statute with which Defendant was charged, Defendant had to restrain Mast, under circumstances that create a risk of harm or to facilitate the commission of a felony, or commit a kidnapping. See R.C. 2905.01(A)(2) and (B)(2). Defendant was charged with two felonies in addition to the kidnapping — felonious assault and rape, both of which created a risk of harm. Accordingly, under Cabrales, rape, in violation of R.C. 2901.02(A)(2) and kidnapping in violation of R.C. 2905.01(A)(2) and (B)(2) are allied offenses of similar import.
 {¶ 25} We now must proceed to the second step of the analysis and determine whether the offenses were committed separately or with a separate animus as to each. Murray at ¶ 17-18. See, also, R.C. 2941.25(B). *Page 10 
 {¶ 26} In State v. Adams, 103 Ohio St.3d 508, 2004-Ohio-5845, the Supreme Court of Ohio discussed its opinion in State v. Logan (1979),60 Ohio St.2d 126 and stated:
 "In [Logan] * * * we established guidelines to determine whether kidnapping and rape are committed with a separate animus so as to permit separate punishment under R.C. 2941.25(B). We held in Logan that `[w]here the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions.' Id. at paragraph (a) of the syllabus. Conversely, the Logan court recognized that where the asportation or restraint `subjects the victim to a substantial increase in risk of harm separate and apart from * * * the underlying crime, there exists a separate animus.' Id., 60 Ohio St.2d 126, at paragraph (b) of the syllabus." Adams at ¶ 90.
 {¶ 27} In Logan, the Supreme Court of Ohio found "no separate animus to sustain separate convictions for rape and kidnapping * * * after the victim refused to accept some pills, the `defendant produced a knife, held it to her throat, and forced her into an alley. Under such duress, she accompanied him down the alley, around a corner, and down a flight of stairs, where he raped her at knifepoint.'" Adams at ¶ 91, quotingLogan, 60 Ohio St.2d at 127. Here, however, there is substantial evidence that Mast's restraint was prolonged and secretive so as to establish a separate animus for the kidnapping and rape.
 {¶ 28} Mast testified that Defendant repeatedly choked, beat, and raped her from the evening of June 6, 2006, through the morning of June 7, 2006, in a hotel room at the Red Roof Inn. Mast explained that she lost consciousness five separate times and woke up to Defendant beating or raping her again. Mast also testified that Defendant hid her shoes so she could not escape and told her he would kill her if she tried to escape. Mast stated that she was finally able to escape, without shoes, when Defendant started to fall asleep. *Page 11 
 {¶ 29} Based on the foregoing, we hold that the trial court did not err in convicting and sentencing Defendant for both kidnapping and rape with the sentences to be served consecutively. Defendant's fourth assignment of error is overruled.
 {¶ 30} Each of Defendant's assignments of error is overruled, and the judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 Moore, P. J. concurs. *Page 12