[Cite as *State v. Evans*, 2011-Ohio-4992.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 10CA0127-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL L. EVANS | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 06-CR-0341 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2011

MOORE, Judge.

{¶1}   Appellant, Michael L. Evans, appeals from his conviction in the Medina County Court of Common Pleas.  This Court affirms in part and vacates in part.

I.

{¶2}   In 2007, Evans was convicted on multiple felony offenses.  He directly appealed his convictions to this Court.  After the record was supplemented with a nunc pro tunc sentencing entry, this Court affirmed the trial court's judgment.  See *State v. Evans*, 9th Dist. No. 07CA0057-M, 2008-Ohio-4772 at ¶30.

{¶3}   In 2009, Evans filed a petition to vacate his sentence, arguing that he was entitled to a de novo sentencing hearing and that his sentence was void due to the failure of the trial court to correctly impose postrelease control.  The trial court denied Evans' petition, and he appealed.  See *State v. Evans*, 9th Dist. No. 09CA0102-M, 2010-Ohio-2514.  This Court overruled Evans' assignment of error, yet noted that postrelease control was not correctly imposed.  Id. at ¶7-8.

This Court identified R.C. 2929.191 as presenting the method through which to remedy the incorrect imposition of postrelease control. Id. at ¶7.

{¶4} Thereafter, the trial court held a resentencing hearing to correct the imposition of postrelease control. The trial court's November 3, 2010 "Correction of Judgment of Conviction Entry" re-imposed the original sentence and correctly imposed mandatory postrelease control.

{¶5} Evans timely filed a notice of appeal from the November 3, 2010 entry. He raises three assignments of error for our review.

II.

**<u>ASSIGNMENT OF ERROR I</u>**

"THE TRIAL COURT ERRED BY APPLYING R.C. 2929.191 PROSPECTIVELY TO SIMPLY CORRECT THE ERROR IN [EVANS'] PREVIOUSLY-IMPOSED SENTENCE, BY PROPERLY IMPOSING THE MANDATORY PERIODS OF POST-RELEASE CONTROL, INSTEAD OF CONDUCTING A DE NOVO SENTENCING HEARING, AS REQUESTED BY [EVANS], DUE TO THE PREVIOUS 2007 SENTENCE BEING VOID."

{¶6} Evans contends that the trial court erred in failing to hold a de novo sentencing hearing. In so arguing, he claims that he was entitled to a new hearing because his sentence was void due to the trial court's failure to properly impose postrelease control. We disagree.

{¶7} In *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, at ¶23, the Ohio Supreme Court held that R.C. 2929.191 sets forth "a statutory remedy to correct a failure to properly impose postrelease control." This statutory remedy, applicable to sentences imposed after the statute's effective date of July 11, 2006, provides,

> "[T]rial courts may, after conducting a hearing with notice to the offender, the prosecuting attorney, and the Department of Rehabilitation and Correction, correct an original judgment of conviction by placing on the journal of the court a nunc pro tunc entry that includes a statement that the offender will be supervised under R.C. 2967.28 after the offender leaves prison and that the parole board may impose a prison term of up to one-half of the stated prison term originally imposed if the offender violates postrelease control." *Singleton* at ¶23.

{¶8}  However, because R.C. 2929.191 does not address the aspects of a defendant's sentence other than postrelease control, the *Singleton* Court determined that the R.C. 2929.191 hearing "pertain[s] only to the flawed imposition of postrelease control." *Singleton* at ¶24.  In so reasoning, the Court determined that "the General Assembly appears to have intended to leave undisturbed the sanctions imposed upon the offender that are unaffected by the court's failure to properly impose postrelease control at the original sentencing."  Id.  Subsequently, in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at ¶27, the Ohio Supreme Court further clarified that, in cases where postrelease control was not properly imposed, "only the offending portion[s] of the sentence[s are] subject to review and correction."

{¶9}  In the instant case, Evans was sentenced after the effective date of R.C. 2929.191. Accordingly, the flawed imposition of postrelease control within his sentence was subject to that statute's corrective remedy, and he was not entitled to a de novo sentencing hearing.  See *Singleton* at ¶24.  The new sentencing hearing should have been limited to notifying Evans of postrelease control and including it in his sentence.  See *Fischer* at paragraph two of the syllabus. The trial court, however, exceeded the limited scope of the hearing and attempted to re-impose the original sentence.

{¶10} Evans' first assignment of error is overruled to the extent that it challenges the trial court's failure to conduct a full resentencing hearing.  However, because the trial court exceeded its authority when it attempted to resentence Evans on aspects of his sentence unrelated to postrelease control, we vacate those parts of the November 3, 2010 entry.  Evans' original consecutive sentences remain valid, as does the portion of the November 3, 2010 entry that addresses postrelease control.

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED BY IMPOSING OR RE-IMPOSING CONSECUTIVE SENTENCES AS TO COUNT I – KIDNAPPING, COUNTS III & IV – RAPE, AND COUNT V – FELONIOUS ASSAULT, WHERE THOSE OFFENSES WERE ALL ALLIED OFFENSES OF SIMILAR IMPORT WHICH MERGED FOR PURPOSES OF SENTENCING PURSUANT TO 2941.25."

## ASSIGNMENT OF ERROR III

"THE TRIAL COURT ERRED BY RE-IMPOSING CONSECUTIVE PRISON TERMS UPON [EVANS], WHERE THERE WAS NO INDICATION THAT THE COURT WEIGHED THE SERIOUSNESS AND RECIDIVISM FACTORS OF R.C. 2929.12 AND WHERE, PURSUANT TO 2929.14(B) AND (E)(4), [EVANS] HAD NO PRIOR FELONY RECORD AND HAD NOT PREVIOUSLY SERVED A PRISON SENTENCE."

{¶11} Evans' second and third assignments of error pertain to sentencing issues unrelated to postrelease control. Regarding these issues, *Fischer* instructs that, "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, *that part of the sentence* is void and must be set aside." (Emphasis added.) *Fischer* at ¶26. Further, "[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus. It is long-standing precedent in Ohio that res judicata bars the consideration of issues that could have been raised on direct appeal. (Citations omitted.) *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, at ¶16-17.

{¶12} Stemming from principles of res judicata, the law of the case doctrine "precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, or available to be pursued, in a first appeal[.]" *Fischer* at ¶34, quoting *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 404-405. "[T]h[is] doctrine provides that the decision of a reviewing

court in a case remains the law of that case on legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." (Citations omitted.) *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3.

{¶13} Here, Evans either raised the arguments presented in his second and third assignments of error, or could have raised these arguments, on direct appeal. See *State v. Evans*, 9th Dist. No. 07CA0057-M, 2008-Ohio-4772, at ¶19, 29 (overruling Evans' argument that rape and kidnapping offenses were allied offenses of similar import.). Therefore, as Evans has already "had the benefit of one direct appeal, [he can]not raise any and all claims of error in a * * * successive appeal." See *Fischer* at ¶33, citing *State v. Fischer*, 181 Ohio App.3d 758, 2009-Ohio-1491.

{¶14} Accordingly, Evans' second and third assignments of error are overruled.

### III.

{¶15} Because the trial court exceeded its authority when it attempted to resentence Evans on aspects of his sentence that were not void, we vacate in part the November 3, 2010 entry to the extent that it purported to address anything other than postrelease control. The portion of the November 3, 2010 entry that addressed postrelease control remains intact. Evans' first assignment of error is overruled, and we decline to address Evans' remaining assignments of error.

Judgment affirmed in part
and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

JOSEPH F. SLAZGEBER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.