[Cite as *State v. Sprouse*, 2020-Ohio-91.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

     Appellee

     v.

JOSEPH C. SPROUSE

     Appellant

C.A. Nos.    29406
                  29407

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.   CR-2017-06-2282
              CR-2018-10-3544

DECISION AND JOURNAL ENTRY

Dated: January 15, 2020

CALLAHAN, Judge.

{¶1} Appellant, Joseph Sprouse, appeals his convictions by the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On October 19, 2018, while working the nightshift, two Akron police officers noticed a man who appeared to be slumped over the steering wheel of a car in the parking lot of a bar and strip club in the North Hill neighborhood of Akron. When they drove past the man's location a second time, the officers determined that they should stop to check the man's welfare. When they approached the car, the officers found a dog sitting in the passenger seat next to Mr. Sprouse, who was seated in the driver's seat. They engaged Mr. Sprouse in conversation and found his speech and manner to be sluggish, raising concern that he may have been suffering an opioid overdose. One of the officers also noticed a full syringe ready for use in a door

compartment next to Mr. Sprouse. After the officers located the owner of the dog in the nearby business and removed the dog from the vehicle, they conducted a search of the car's interior. On the back seat, directly behind the driver's seat, they found a bag that contained a substance that they suspected to be methamphetamine and a case containing various items necessary for using drugs.

{¶3} Mr. Sprouse was charged with two counts of aggravated possession of drugs in violation of R.C. 2925.11(A) and with one count of possessing drug abuse instruments in violation of R.C. 2925.12(A)/(C). A jury found Mr. Sprouse guilty of each charge. The trial court ordered Mr. Sprouse to serve eighteen months of community control and imposed a ninety-day jail term for the charge of possessing drug abuse instruments, which was suspended provided that Mr. Sprouse successfully complete his period of community control.

{¶4} Mr. Sprouse appealed, raising two assignments of error.

II.

**C.A. 29406**

{¶5} As a result of the charges in this case, Mr. Sprouse was also charged with a community control violation in an earlier case. After Mr. Sprouse pleaded guilty to the community control violation, the trial court extended his period of community control in that case for eighteen months, consistent with the period of community control imposed in this case. Mr. Sprouse appealed both judgments, and this Court consolidated his appeals. His appellate brief, however, does not assign any errors related to the community control violation. Because Mr. Sprouse has not demonstrated any error in connection with that appeal, the trial court's judgment in the community control violation case is affirmed on that basis.

**C.A. 29407**

**ASSIGNMENT OF ERROR NO. 1**

THE VERDICT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE SINCE THE STATE OF OHIO FAILED TO PROVE EACH AND EVERY ELEMENT OF THE CRIME CHARGED BEYOND A REASONABLE DOUBT.

{¶6}    Although Mr. Sprouse's first assignment of error states that the trial court's judgment is against the manifest weight of the evidence, the substance of his argument also appears to argue that the State failed to prove the elements of the offense at issue. Consequently, this Court must also consider whether Mr. Sprouse's conviction is supported by sufficient evidence. In both respects, this Court notes that Mr. Sprouse's argument is limited to his conviction for aggravated possession of methamphetamine based on the contents of the bag found on the back seat of the vehicle, so our discussion is limited accordingly.

**Sufficiency**

{¶7}    "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009–Ohio–6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id*.

{¶8} Possession of drugs is prohibited by R.C. 2925.11(A), which provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog."[1] Possession of methamphetamine, a schedule II controlled substance, constitutes aggravated possession of drugs. *See* R.C. 2925.11(C)(1); R.C. 3719.41, Schedule II(C)(2).[2] To "possess" something, for purposes of R.C. 2925.11(A), is to have control over it. R.C. 2925.01(K). Possession cannot be inferred from "mere access * * * through ownership or occupation of the premises upon which the thing or substance is found." *Id*. Nonetheless, possession may be either actual or constructive. *State v. Hilton*, 9th Dist. Summit No. 21624, 2004-Ohio-1418, ¶ 16, citing *State v. McShan*, 77 Ohio App.3d 781, 783 (8th Dist.1991). "'Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession.'" *State v. Jackson*, 9th Dist. Summit No. 28691, 2018-Ohio-1285, ¶ 38, quoting *State v. Hankerson*, 70 Ohio St.2d 87 (1982), syllabus. Presence in the vicinity of an item, standing alone, does not establish constructive possession, but other factors taken together—such as proximity to the item in plain view or knowledge of its presence—may be circumstantial evidence of possession. *State v. Owens*, 9th Dist. Summit No. 23267, 2007-Ohio-49, ¶ 23.

{¶9} The officers who found Mr. Sprouse in the parking lot testified that he exhibited behaviors and speech patterns characteristic of drug use and, more specifically, of opioid use. Mr. Sprouse was alone in the driver's seat of a vehicle that proved to be stolen with a dog in the

---

[1] R.C. 2925.11 was amended effective March 22, 2019, by the Reagan Tokes Law, Am.Sub.S.B. No. 201, 2018 Ohio Laws 157. Those changes are not at issue in this appeal.

[2] R.C. 3719.41 has also been amended since the acts at issue in this case, but those amendments are not at issue in this appeal.

passenger seat who simply "star[ed]" at the officers upon their approach. The officers also testified that a full hypodermic needle containing methamphetamine was ready for use in the door well next to Mr. Sprouse and that Mr. Sprouse had a cord wrapped partially around him that was typical of material used in the process of injecting drugs into a vein. One of the officers noted that it is not uncommon for drug users to switch back and forth between opioids and methamphetamine. The officer who searched the vehicle testified that she found a drawstring bag on the back seat directly behind Mr. Sprouse and well within his reach. That officer observed that "[a]nyone sitting in the driver's seat could easily grab the bag. They could have easily placed it directly behind them. They could have easily grabbed it and brought it to the front seat where they were." Inside the bag, the officers found a black case that, in turn, contained a "drug kit" consisting of four more hypodermic syringes, a bag containing a white, powdery substance that was later identified as methamphetamine, and a drug scale.

{¶10} Considering this testimony and making all inferences in favor of the State, as this Court must when reviewing the sufficiency of the evidence, a trier of fact could reasonably conclude that Mr. Sprouse was in the process of using methamphetamine and had dominion and control over the methamphetamine found inside the bag, which was well within his reach as the only occupant in the driver's seat of a stolen vehicle. His conviction is supported by sufficient evidence.

**Manifest Weight**

{¶11} When considering whether a conviction is against the manifest weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest

miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶12} Mr. Sprouse appears to argue that his conviction is against the manifest weight of the evidence because he was not the owner or driver of the vehicle, and he suggests—as he did at trial—that the police should have investigated whether the drug kit belonged to the individual who owned the dog. Specifically, Mr. Sprouse maintains that the fact that he did not have the keys to the car undermines the State's position that he possessed the drug kit found inside. Although it is true that Mr. Sprouse was not the owner of the vehicle, the officers testified that the vehicle was, in fact, stolen. Mr. Sprouse was found sitting in the driver's seat while the car was stationary. Although he did not have the keys to the vehicle in his possession, that fact alone does not demonstrate that he lacked possession and control of the drug kit: in this respect, one of the officers testified that it is not uncommon for a vehicle to be stolen without the use of keys.

{¶13} With respect to Mr. Sprouse's suggestion that the drug kit may have belonged to the man who claimed ownership of the dog, the officers' testimony established that the man had no discernable connection to the vehicle other than the fact that his dog was present inside. Even if that individual had "possessed" the items within the meaning of R.C. 2925.11(A), however, that would not tend, in and of itself, to demonstrate that Mr. Sprouse's conviction was against the manifest weight of the evidence. Possession of drugs, for purposes of R.C. 2925.11(A), includes both individual and joint possession. *State v. Figueroa*, 9th Dist. Summit No. 22208, 2005-Ohio-1132, ¶ 8, quoting *State v. Alicea*, 8th Dist. Cuyahoga No. 78940, 2001 WL 1243944, *6 (Oct. 18, 2001). "'Joint possession exists when two or more persons together have the ability to

control an object, exclusive of others.'" *Figueroa* at ¶ 8, quoting *Alicea* at *6. Even if possession and control of the drug kit had been connected to the other individual, that would not foreclose the conclusion that Mr. Sprouse also had it within his possession and control— especially given his proximity to the drug kit at the time of his arrest and the fact that he was arrested under circumstances that indicated that he was then in the process of using methamphetamine.

{¶14} Mr. Sprouse's conviction is not based on insufficient evidence, nor is it against the manifest weight of the evidence. His first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERR[ED] BY INSTRUCTING THE JURY ON JOINT POSSESSION[.]

{¶15} Mr. Sprouse's second assignment of error argues that the trial court abused its discretion by providing a joint possession instruction to the jury. This Court disagrees.

{¶16} "[A] trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." *State v. Comen*, 50 Ohio St.3d 206 (1990), paragraph two of the syllabus; R.C. 2945.11 ("In charging the jury, the court must state to it all matters of law necessary for the information of the jury in giving its verdict."). Although trial courts enjoy broad discretion in fashioning jury instructions, they must "present a correct, pertinent statement of the law that is appropriate to the facts." *State v. White*, 142 Ohio St.3d 277, 2015-Ohio-492, ¶ 46, citing *State v. Griffin*, 141 Ohio St.3d 392, 2014-Ohio-4767, ¶ 5, and *State v. Lessin*, 67 Ohio St.3d 487, 493 (1993). This Court reviews a trial court's decision to provide a requested jury instruction for an abuse of discretion. *State v. Simin*, 9th Dist. Summit No. 26016, 2012-Ohio-4389, ¶ 40, quoting *State v. Evans*, 9th Dist. Medina No. 07CA0057-M, 2008-Ohio-4772, ¶ 12. An abuse of discretion is

present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶17} As noted above, "'[j]oint possession exists when two or more persons together have the ability to control an object, exclusive of others.'" *Figueroa*, 2005-Ohio-1132, at ¶ 8, quoting *Alicea*, 2001 WL 1243944 at *6. The trial court's joint possession instruction mirrored this language. During trial, Mr. Sprouse argued that the drugs that were found in the vehicle did not belong to him, but to the unidentified individual who claimed ownership of the dog found in the passenger seat. Defense counsel also attempted to connect the vehicle to that individual, who was found inside the business located at the scene. Under these circumstances, it was appropriate for the trial court to instruct the jury on joint possession regardless of whether the second individual was ultimately charged in connection with the incident.

{¶18} Mr. Sprouse's second assignment of error is overruled.

### III.

{¶19} Mr. Sprouse's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.